IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JESSICA MITCHELL,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:13CV482
                                 )
SCOTLAND MEMORIAL HOSPITAL and   )
SCOTLAND HEALTH CARE SYSTEM,     )
                                 )
          Defendants.            )
```

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

This is an employment action by Plaintiff Jessica Mitchell for age and race discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Before the court is the motion of Defendants Scotland Memorial Hospital and Scotland Health Care System (collectively "Scotland") to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4.) For the reasons set forth below, Scotland's motion will be granted.

I.   BACKGROUND

The allegations of the complaint, viewed in the light most favorable to Mitchell as the non-moving party, allege the

following:

Mitchell (a white female) began working for Scotland in November, 1992. (Doc. 1 at 3.) At all times relevant, she was employed by Pembroke Family Practice in Pembroke, North Carolina ("Pembroke"), a subsidiary of Scotland. (Id. at 2.) Initially, Mitchell held the position of office manager. However, in January, 2012, she was informed by her supervisors (one of whom was a Native American male) that she was being demoted to the position of "clerical coordinator" and that a new person would be hired to perform essentially her old job duties. (Id. at 3.) The new hire, a much younger black female, was supposed to take over the entirety of the management duties at Pembroke but insisted that Mitchell continue to handle some of the financial management duties. (Id.)

During this time, Mitchell complained several times to her supervisors both about the alleged discrimination and about several illegal practices she believed were occurring at Pembroke, but her complaints fell upon deaf ears. (Id.) She then complained to Scotland's director of human resources (a Native American female), but received no response. (Id.) Both the director and one of her immediate supervisors approached Mitchell on July 17, 2012, and handed her a severance document. (Id.) Mitchell was given a choice: she could either move to another clinic and accept a reduction in salary, or accept her

termination. (Id.) She was given one day to decide which option to accept. The next day, Mitchell relayed to Scotland her desire to accept the severance. (Id.) As of the date of her complaint, Mitchell had not received the promised severance payment. (Id.)

Mitchell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 22, 2013, and received a "right to sue" letter on March 26, 2013. (Id. at 1.) Scotland now moves to dismiss on the ground that Mitchell failed to file her EEOC charge within 180 days of the alleged discrimination, as required by both the ADEA and Title VII. (Doc. 5.) Mitchell filed a response brief (Doc. 8), and Scotland has replied (Doc. 9).

**II. ANALYSIS**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Before gaining access to the federal courts, both the ADEA and Title VII require a plaintiff to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 29 U.S.C. § 626(d)(1)(A) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII).[1] An untimely-filed charge is not a jurisdictional bar; rather, the period operates as a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Hamilton v. 1st Source Bank, 895 F.2d 159, 164 (4th Cir. 1990). Consequently, equitable doctrines such as estoppel and tolling may apply to excuse late filing in some cases. Zipes, 455 U.S. at 393.

This court may reach the merits of a statute of limitations defense at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis deleted)). Dismissal of a claim as time-barred at the motion to dismiss stage occurs in "relatively rare circumstances." Id.

---

[1] In some states, generally called "deferral states," plaintiffs must file an EEOC charge within 300 days of the alleged unlawful employment practice. North Carolina is not a deferral state for the purposes of this action, so the 180-day period applies in this case. EEOC v. PBM Graphics, Inc., 877 F. Supp. 2d 334, 351 (M.D.N.C. 2012).

4

In this case, Scotland argues that the complaint should be dismissed because Mitchell failed to timely file an EEOC charge. Mitchell admits that she did not file timely; her complaint alleges that she filed her charge on February 22, 2013, which was 219 days after she was terminated.[2] Instead, Mitchell contends that the doctrine of equitable tolling should apply to excuse her admittedly late filing. Equitable tolling may, "in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). However, when it is clear on the face of a plaintiff's complaint that a claim is otherwise time-barred, the plaintiff must allege sufficient facts to make a finding of equitable tolling plausible. See Mullinax v. Radian Guaranty, Inc., 199 F. Supp. 2d 311, 326 (M.D.N.C. 2002); see also Jones v. Shooshan, 855 F. Supp. 2d 594, 605 (E.D. Va. 2012) ("At the motion to dismiss stage, the plaintiff has the burden of pleading facts that would support a finding of equitable estoppel.").

Mitchell argues in her response brief that she did not timely file because "Defendant [sic] was offered a settlement in this case by the defendant." (Doc. 8 at 1.) According to

---

[2] Indeed, the EEOC charge, which is referred to in the complaint and a copy of which Scotland has provided (Doc. 5-1), clearly indicates that the EEOC dismissed it as being untimely.

Mitchell, "[s]he deferred any action until the defendant paid the settlement. She waited for the defendant to pay the settlement which it never did." (Id. at 1–2.) On this basis, she contends, the limitations period should be tolled.

The difficulty with Mitchell's position is that the court is confined to the allegations of the complaint, which alleges no facts relating to any settlement offer or negotiations, nor does it allege any other facts that make a claim of equitable tolling plausible. Further, there is no request or motion to amend the complaint. Yet, even if the court were to consider the language of Mitchell's response brief, it, too, fails to plausibly support equitable tolling. Mitchell fails to articulate any conduct on the part of Scotland that misled or prevented her from complying with the statute, or any extraordinary circumstances beyond her control that otherwise prevented her from filing prior to the deadline. See Harris, 209 F.3d at 330 (noting that equitable tolling has been applied where a party was prevented from asserting a claim by some kind of wrongful conduct of the defendant, or where "extraordinary circumstances" beyond the party's control made it impossible to file the claim on time). Therefore, the court will grant Scotland's motion to dismiss Mitchell's claims, but will do so without prejudice.

**III. CONCLUSION**

For the foregoing reasons, therefore,

IT IS ORDERED that Scotland's motion to dismiss (Doc. 4) is GRANTED, and Mitchell's complaint is DISMISSED WITHOUT PREJUDICE.

                                          /s/    Thomas D. Schroeder
                                          United States District Judge

December 30, 2013